IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SARAH WHITE, et al.,

                Plaintiff,         Case No. 3:04 CV 7689

  -vs-

                                            MEMORANDUM OPINION

J. KENNETH BLACKWELL,
Secretary of State, et al.,

                Defendant.

KATZ, J.

      This case is before the Court 14 ½ months since its initial filing for injunctive relief late on the morning of election day, November 2, 2004. Having granted the relief sought initially, the matter is now before the Court for decision involving three significant issues: 1) does this Court have jurisdiction under Article III; 2) are Plaintiffs entitled to a declaratory judgment and/or a permanent injunction; and 3) if Plaintiffs are entitled to relief, are they, as prevailing parties, entitled to attorneys' fees and costs in this case? The Court held a hearing on this matter on May 12, 2005, at which time one witness testified and seven exhibits were admitted; counsel briefly argued the issues before the Court and agreed to submit post-hearing memoranda. Those memoranda have now been filed by all parties and the Court has reviewed the same as well as the law involved in the determination of the issues before it. Having reviewed the facts and law controlling the issues before this Court, all three issues raised will be answered in the affirmative and the Court will grant to Plaintiffs the relief sought.

**BACKGROUND**

This case involves the Help America Vote Act ("HAVA"), 42 U.S.C. § 15482(a), which was enacted and became law on October 29, 2002. That section guarantees the right of registered voters to cast provisional ballots in "federal" elections when they had previously requested an absentee ballot: "If an individual declares that such individual is a registered voter in the jurisdiction in which the individual desires to vote and that the individual is eligible to vote in an election for Federal office, but the name of the individual does not appear on the official list of eligible voters for the polling place or an election official asserts that the individual is not eligible to vote, such individual shall be permitted to cast a provisional ballot as follows * * * *."

The issue before this Court on election day 2004, simply summarized, was that Plaintiff had failed to receive an absentee ballot and was to be denied the right of an elector to cast a provisional ballot. Generally speaking, the issue arises when an eligible voter applies for and does not receive an absentee ballot, loses the absentee ballot, or decides to vote in person rather than by absentee ballot. Under Federal election law as articulated in the HAVA section quoted above, that elector is entitled to cast a provisional ballot. This Court so directed Defendant Secretary of State, after finding that Plaintiff had shown "a strong or substantial likelihood or probability of success on the merits; . . .irreparable injury by deprivation of a right granted by Federal statute; the issuance of a temporary restraining order will not cause substantial harm to others; and the public's interest will be greatly served by granting the injunctive relief." It appears that the Secretary did, in fact, comply with the orders of this Court late on election day 2004.

However, it is clear that subsequent to that date the same instructions are being given to Ohio county Boards of Election ("Board" or "Boards") as necessitated this Court's order of November 4, 2004; that is, irrespective of whether the election includes both one for Federal as

well as State offices, the Secretary of State is directing an eligible voter that "if you request an absentee ballot you will not be allowed to vote or turn in your ballot at the polling place on election date." In sum, the Secretary has not changed the absentee ballot application form or his instructions to county Boards of Election (to differentiate between Federal and State laws as applicable here) since this Court's original order of the May 12, 2005 hearing. That constitutes a continuing violation of HAVA. The evidence of continuing violation is supported by submission to this Court of the forms presently in use by the Secretary of State and those which were used in a special election in the Second Congressional District of Ohio on August 2, 2005, which election was to select a new Representative to the U. S. House of Representatives to replace a former congressman.

The post-trial memorandum of the Secretary of State ("Secretary") contends that this Court lacks jurisdiction and that Plaintiff has failed to state a cognizable claim against the Secretary. It fails to address in any significant manner or deny the issue of directives or advisories to local Boards not to accept provisional ballots if the voter was previously sent an absentee ballot. The advice being given to the local Boards makes no distinction between Federal and State elections and the law relating to Federal elections.

The Lucas County Board of Elections, a Defendant herein, indicates that it is bound by state law to follow the directives and advisories of the Secretary with respect to administration of elections. The Parties do not dispute that position. There appears no denial by the local Board that it did, in fact, follow the directives and deny voters who had been mailed absentee ballots the right to cast provisional ballots at the voting places. The local Board did so because of the power

3

of the Secretary to sanction the Board and the individual members for failure to follow directives and advisories of the Chief Elections Officer of the State of Ohio, the Secretary of State.

The foregoing is a brief outline of the issues involved in this case. The Court now turns to the three separate issues it must determine.

**DISCUSSION**

**A. JURISDICTION**

Defendant Secretary of State has taken the position that Plaintiffs have failed to show that this Court has any Article III jurisdiction to hear claims concerning the provisional ballot issues. Plaintiffs have articulated the well-established exception to the mootness doctrine which recognizes that some matters occur and are completed so quickly that they may likely be moot before a federal court has a chance to adjudicate the controversy.  Federal courts are permitted to adjudicate such controversies, especially in cases like the one before this Court, where the wrongs are "capable of repetition, yet evading review." *Storer v. Brown.* 415 U.S. 724, 737 n.8 (1974). As the Sixth Circuit has explained:

> Two elements preclude a finding of mootness in the absence of a class action: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expirations, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again.

*Rosen v. Brown,* 970 F.2d 169, 173 (6th Cir. 1992).  Clearly, both of these elements are present in this case.  Suffice to say that the election day violation, coming to this Court shortly before noon on election day and resulting in an order issued at approximately 3:00 p.m. on that day, was far too short in duration to be fully litigated prior to the expiration of election day at 7:30 p.m. on November 2, 2004.

4

This Court finds there is more than a reasonable expectation that the Defendants will violate HAVA in the next Federal election.  The cases cited by the parties indicate that once a court finds a continuing violation with the propensity to continue into the future, the impact upon voters grants the court jurisdiction to hear the matter. *Democratic Party of U.S. v. Wisconsin ex rel LaFollette*, 450 U.S. 107, 115 & n.13 (1981); *ACLU of Ohio, Inc. v. Taft,* 385 F.3d 641, 646-47 (6th Cir. 2004).

The unchallenged evidence at the hearing of May 12, 2005 and the conduct of the Secretary  relative to the special election of August, 2005 demonstrate to this Court that the Secretary has continued to promulgate his prohibition on in-person voting by voters who had previously requested an absentee ballot and who, for some reason, appear at the polling place requesting a provisional ballot.   That violation of HAVA in Federal elections simply cannot be tolerated as there is a great propensity to deprive citizens of the State of Ohio of the ability to vote in Federal elections, in violation of HAVA.  Accordingly, the Court finds that this case is not moot and that this Court has jurisdiction to adjudicate the controversy before it.

**B. PLAINTIFFS' ENTITLEMENT TO RELIEF**

This Court has determined that there is an actual case and controversy remaining before it as a result of the failure of the Secretary of State to rectify directions and/or advisories  to county Boards of Elections and advice to voters seeking and/or receiving absentee ballot forms, which directives and advisories clearly violate HAVA.  28 U.S.C. § 2201(a) provides, in pertinent part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

5

The Court agrees with Plaintiffs that this is not a case involving an abstract issue or one in which supposition is required to find a violation of Federal law. Because of the continuing position of the Secretary, it is clear that the future injury to be suffered by these Plaintiffs and other similarly situated voters and/or plaintiffs in the State of Ohio will occur at the next Federal election, as it did at the last Federal election held within this State of, which this Court has been advised. There is nothing unpredictable, uncertain, or unlikely to occur since the Secretary of State continued to assert justification for his position in the hearing before this Court in May, 2005 and in post-hearing briefs. Form 11A continues to prohibit provisional in-person voting by persons who request absentee ballots, with no distinction made between State and Federal elections. State law requires Boards of Election to follow the Secretary's interpretation of election laws. The Secretary continues to make no distinction between State and Federal election laws, and there is no indication that the 88 Boards of Election in this State will not be required to follow those directives and advisories at the next Federal election, thus continuing the misapplication and violation of HAVA.

The Court's conclusions are buttressed by the criticism brought to the Court's attention at the May 12 hearing and in post-hearing briefs wherein the Secretary criticized the Lucas County Board of Elections for its actions during the presidential election in 2004 due to its failure to comply with Form 11A. It is clear that that form does not apply only to State elections, but also covers Federal elections, thus violating HAVA.

During the hearing, Paula Hicks-Hudson, the Director of the Lucas County Board of Elections during the 2004 presidential election, testified that the Board sought and received advice from the Secretary's office concerning in person voting after a voter had applied for an absentee

6

ballot. Ms. Hicks-Hudson indicated that the instructions from the Secretary's office were that the request by such a voter for a provisional ballot was to be rejected. That testimony was unrefuted and stands unrefuted to this date. It should be made clear that the offending party is not just Mr. Blackwell, the current Secretary of State, but the institution of Secretary of State of the State of Ohio.

The briefs filed by the Defendants raise a significant issue. It appears that the Secretary asserts that it is the local Board which must be found in violation and not the Secretary or his office, while the Board argues it cannot be blamed because it was merely following the Secretary's instruction. The Court has, generally speaking, little sympathy for those of such intelligence stating "we were only following orders." However, in this instance the local Board was placed in a very difficult position because of Ohio law requiring it to follow the instructions of the Secretary of State or be exposed to sanctions against Board members. However, this Court's orders will, except for the payment of legal fees, be directed at both Defendants.

The Court finds that Plaintiffs are entitled to the relief sought and will grant them judgment with respect to same.

## C. LEGAL FEES AND EXPENSES

Attorneys' fees and costs are available to parties who have prevailed in actions brought pursuant to 42 U.S.C. § 1983. That right is established by § 1988 and is to insure "'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1982) (quoting H.R. Rep. No. 94-1558, at 1 (1976)). In this Circuit it has been held that a prevailing party ordinarily is entitled to recover attorneys' fees and costs in the absence of special circumstances which would make such an award unjust. *Deja Vu of Nashville, Inc. v.*

*Metro. Gov't of Nashville & Davidson County, Tenn.*, 421 F.3d 417, 419-20 (2005).  That follows Supreme Court precedent.  *See, e.g.*, *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989).  In *Deja Vu*, the Circuit held that a party prevails under § 1988 if, due to the party's initiative, the judiciary has materially altered the legal relationship between the parties. 421 F.3d at 420.

The Court agrees with Plaintiffs that they have prevailed in establishing the core issue – that the Secretary of State's refusal to permit absentee ballot applicants to vote provisionally in a Federal election is a violation of HAVA, adversely impacting Plaintiffs and other citizens of Ohio. Only through the continuing efforts by Plaintiffs have these issues been kept before the public and a court of Federal jurisdiction.  The Secretary had and continues to have a duty mandated by state law to instruct Boards of Elections on the proper implementation of Ohio's election laws, while at the same time advising and instructing them on the implementation of HAVA and other controlling Federal law during Federal elections held independently of or concurrently with State elections.  The Secretary has clearly breached his duty in regard to advising the Boards appropriately concerning HAVA and the implementation of the rights of voters to vote a provisional ballot after having applied for, even received, an absentee ballot.  Therefore, the Court will grant Plaintiffs' request for an award of reasonable attorneys' fees and costs attendant to maintaining this action.

## CONCLUSION

The Court has found that it has jurisdiction under Article III of the Constitution to hear this matter and decide the same.  Further, the Court has found that Defendants have demonstrated a substantial and continuing threat to the exercise of Plaintiffs' rights under federal law, HAVA.

Defendant is enjoined from violating HAVA and from advising Boards and prospective voters in the State of Ohio that having applied for an absentee ballot, the voter has no right to vote in person at his or her polling place through a provisional ballot. Whether that provisional ballot is to be counted is a separate issue not before this Court at this time (for instance, clearly it would not be counted if the voter actually voted by absentee ballot). Plaintiffs are requested to submit a form of permanent injunction to the Court within fourteen (14) days hereof.

Lastly, Plaintiffs are awarded reasonable attorneys' fees, expenses and costs against the Secretary of State in connection with this action pursuant to 42 U.S.C. §§1983 and 1988. Within thirty (30) days Plaintiffs shall submit a detailed statement thereof to the Court; Defendants shall have fourteen (14) days within which to file objections and Plaintiffs seven (7) days for reply.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE