IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SARAH WHITE, et al.,

                Plaintiff,                Case No. 3:04 CV 7689

    -vs-

                                              MEMORANDUM OPINION

J. KENNETH BLACKWELL,
SECRETARY OF STATE, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Defendant J. Kenneth Blackwell's motion to alter or amend this Court's order of January 19, 2006, or, in the alternative, for relief rom judgment (Doc. No. 66), to which Plaintiffs have responded (Doc. No. 67). The Court's January 19, 2006 order granted Plaintiffs' motion for a permanent injunction prohibiting Defendants from precluding those who had requested absentee ballots from casting provisional ballots in federal elections, as the Help American Vote Act ("HAVA") entitles them to do. It also awarded attorneys' fees to Plaintiffs as prevailing parties. Defendant's motion is granted in part and denied in part. The Court finds this case became moot on January 27, 2006, the effective date of a new law that substantially, though not identically, mirrors HAVA. However, the Court finds that Plaintiffs are still prevailing parties entitled to attorneys' fees.

## BACKGROUND

Prior to election day, 2004, Plaintiff White requested an absentee ballot, but did not receive one. On election day, she was denied the opportunity to cast a provisional ballot, so she brought suit and sought a temporary injunction to preclude the Defendants from violating HAVA,

which guarantees the right of registered voters to cast provisional ballots in "federal" elections when they had previously requested an absentee ballot. HAVA states, in part, that:

> If an individual declares that such individual is a registered voter in the jurisdiction in which the individual desires to vote and that the individual is eligible to vote in an election for Federal office, but the name of the individual does not appear on the official list of eligible voters for the polling place or an election official asserts that the individual is not eligible to vote, such individual shall be permitted to cast a provisional ballot as follows . . . .

42 U.S.C. § 15482(a). This Court granted White's motion and issued the injunction on election day.

On May 12, 2005, the Court held a hearing on Plaintiff's request for a permanent injunction. On the same day, the Court granted White's motion to amend the complaint to add four others as Plaintiffs. All four sued because they requested absentee ballots but either did not receive them, or received them too late, and were also not allowed to cast a provisional ballot.

After the parties had filed post-hearing briefs, the Court on January 19, 2006, issued an order granting Plaintiffs' motion for a permanent injunction, and awarding Plaintiffs attorneys' fees against the Defendant Secretary of State.

On February 2, 2002, as the Court was in the process of finalizing the language of the permanent injunction,[1] Defendant Blackwell moved to alter or amend the Court's January 19, 2006, order, or, in the alternative, for relief from that order. Blackwell claims that a new state law,

---

[1] Plaintiffs had submitted a proposed draft of the injunction (Doc. No. 65), which the Court was in the process of editing. The Court's revisions included replacing all occurrences in the proposed order of the phrase ". . . the right to vote in person at his or her polling place through a provisional ballot" with text reading: ". . . the right to cast a provisional ballot in person at his or her polling place." Additionally, the Court would have added the following text to the final paragraph: "and shall be awarded reasonable attorneys' fees, expenses, and costs, as against the Secretary of State, per the Court's prior memorandum opinion and judgment entry."

House Bill 234, renders this case moot and that, because H.B. 234 did not arise from Plaintiffs' litigation, Plaintiffs are not entitled to attorneys' fees. Plaintiffs contend in response that H.B. 234 does not moot this case, and that, whether it does or not, they are still prevailing parties entitled to attorneys' fees.

Governor Taft signed H.B. 234 on October 27, 2005; it became effective on January 27, 2006. The pertinent part of the bill reads:

> If a registered elector appears to vote in that precinct and that elector has requested an absent voter's ballot for that election but the director has not received a sealed identification envelope purporting to contain that elector's voted absent voter's ballots for that election, the elector shall be permitted to cast a ballot, generally in the manner prescribed in division (B) of section 3503.16 of the Revised Code, in that precinct on the day of that election.

*See* Ohio Rev. Code § 3509.09(B)(1). The Court finds that as of January 27, 2006, H.B. 234 moots this case, but that Plaintiffs are still prevailing parties entitled to attorneys' fees.

## DISCUSSION

*A. Mootness*

This Court's jurisdiction "extends only to actual cases and controversies." *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997). "Although voluntary cessation of wrongful conduct does not automatically render a case moot, the case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990) (internal quotations omitted). "[C]essation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties." *Id.* (internal quotation omitted). Indeed, "statutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is

3

dismissed,'" *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000) (quoting *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994)), where there is no evidence that the state actually intends to reenact it, *see, e.g.*, *Kentucky Right to Life v. Terry*, 108 F.3d 637, 645 (6th Cir. 1997).

Here, the Plaintiffs were denied provisional ballots because they had requested absentee ballots. As of January 27, 2006, Ohio law provides that those who have requested absentee ballots but have not cast them shall be allowed to cast a provisional ballot. The Court therefore finds that there is no reasonable expectation that the Defendants will repeat the conduct that the Plaintiffs have challenged. As of January 27, 2006, the controversy in this case was rendered moot.

The Court notes that H.B. 234 is not co-extensive with HAVA: the Ohio law *prohibits* those who have requested *and cast* an absentee ballot from voting provisionally, while HAVA provides that, in a federal election, any elector registered to vote in a particular jurisdiction, even, presumably, one who has requested *and cast* an absentee ballot, shall be allowed to cast a provisional ballot. *Compare* 3509.09(B)(1) *with* 42 U.S.C. § 15482(a). H.B. 234 nevertheless moots the instant case, because none of the Plaintiffs here were denied provisional ballots after *casting* an absentee ballot. The conduct that Plaintiffs challenged – the Defendant's refusal to provide them with provisional ballots after they had requested, but, in most cases, not received, an absentee ballot – is now prohibited by H.B. 234.

It is true that this Court made passing reference in its January 19, 2006, order to the possibility that an elector casting a provisional ballot might later be found to have also cast an absentee ballot, in which case, the Court pointed out, the elector's provisional ballot would not count. (Doc. No. 63, p. 9) ("Whether that provisional ballot is to be counted is a separate issue not

4

before this Court at this time (for instance, clearly it would not be counted if the voter actually voted by absentee ballot."). However, the increased focus on Plaintiffs' claims brought about by Defendant's motion makes clear that the question of whether HAVA requires the Defendants to permit an elector whom they know has *already cast* an absentee ballot to also cast a provisional ballot was simply never before this Court. Therefore, H.B. 234 moots this case.

*B. Attorneys' Fees*

Attorneys' fees and costs are available to parties who have prevailed in actions brought pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1988; *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1982). In this Circuit it has been held that a prevailing party ordinarily is entitled to recover attorneys' fees and costs in the absence of special circumstances which would make such an award unjust. *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 421 F.3d 417, 419-20 (2005). A party prevails under § 1988 if, due to the party's initiative, the judiciary has materially altered the legal relationship between the parties. 421 F.3d at 420. "A party who has *established his entitlement* to some relief on the merits of his claims" is entitled to fees, *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980) (emphasis added), meaning that "[a] party, in other words, prevails in a law suit when he establishes a legal *entitlement* to what he seeks, not when what he seeks is actually delivered." *Coal. for Basic Human Needs v. King*, 691 F.2d 597, 600 (1st Cir. 1982).

Where plaintiffs establish entitlement to the relief they seek, the subsequent mooting of the case does not change their status as prevailing parties entitled to attorneys' fees. *Bliss v. Holmes*, 867 F.2d 256, 258 (6th Cir. 1988). In *Bliss*, candidates for office in a labor union sued the union and several of its incumbent officers, claiming the defendants violated the Labor-Management

Reporting and Disclosure Act ("LMRDA") by improperly using the union's newsletter to promote the incumbents' candidacies, and by misusing the membership's mailing list. *Id*. at 257. They sought an injunction against further violations. *Id*. The district court denied the request, and the plaintiff sought an emergency injunction pending appeal, which the Sixth Circuit granted. *Id*. at 257-58. After the election, the plaintiffs sought a permanent injunction, but, since the election was over and any future harm was speculative, the Sixth Circuit dismissed their claims as moot. *Id*. at 258. Plaintiffs sought and received attorneys' fees. *Id*. The Sixth Circuit explained: "That compliance with the LMRDA prior to the election may have mooted the case after the election does not render the plaintiffs any less a prevailing party." *Id*. (citing *King* and cases from several other circuits).

As it stated at the time, on January 19, 2006, this Court materially altered the legal relationship among the parties. On that date, the Court granted Plaintiffs' motion for a permanent injunction. When the Court did so, this case had not yet been mooted and still presented a live controversy. Though the Court had not yet finalized the language of the permanent injunction, that remaining act was ministerial, and the Plaintiffs had at that point established their entitlement to relief. On January 19, 2006, Plaintiffs were prevailing parties entitled to attorneys' fees. As in *Bliss*, the subsequent mooting of the case on January 27, 2006, does not change that status. The Court will deny Defendant's motion to vacate its award of attorneys' fees, and will determine separately the amount to be awarded.

## **CONCLUSION**

Based on the foregoing, Defendant's motion to alter or amend this Court's order or for relief from judgment (Doc. No. 66) is granted in part and denied in part: the Court declares this

case moot as of January 19, 2006, but finds that Plaintiffs nevertheless remain prevailing parties entitled to attorneys' fees, in an amount to be determined.

IT IS SO ORDERED.

                                             S/ *David A. Katz*
                                             DAVID A. KATZ
                                             SENIOR U. S. DISTRICT JUDGE